UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| JULIAN MATTHEW GORDON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 5:05-cv-77 |
| | ) | |
| v. | ) | Honorable Richard Alan Enslen |
| | ) | |
| MARGIE McNUTT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff has paid the filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

    I.       Factual Allegations

Plaintiff currently is incarcerated in the Florence Crane Correctional Facility. In 1997, Plaintiff was convicted in the Oakland County Circuit Court of third-degree criminal sexual conduct involving a fifteen-year-old. He was sentenced to imprisonment of six to fifteen years. Prior to committing the offense, Plaintiff worked for Oakland County as the Senior Probate Court Psychologist. The instant action does not concern Plaintiff's criminal convictions; rather, he challenges the Michigan Parole Board's decision denying his parole on September 15, 2004. Plaintiff sues the Michigan Parole Board, as well as Parole Board Members Margie McNutt and James Quinlan.

The Michigan Parole Board must follow the parole guidelines promulgated by the Michigan Department of Corrections. *See* MICH. COMP. LAWS § 791.233(e)(5). The parole board may depart from the guidelines by denying parole to a prisoner who scores under the guidelines as having a high probability of parole, but any such departure "shall be for a substantial and compelling reasons stated in writing." *See* MICH. COMP. LAWS § 791.233(e)(6). Plaintiff scored under the parole guidelines as having a high probability of parole. In denying Plaintiff's parole, the board provided the following substantial and compelling reason for departing from the parole guidelines: "Prisoner's blatant abuse of his position & knowledge of sex crime consequences resulting in harm to one child who then molested another child shocks the public conscience and demonstrates what a serious risk he is to public safety." (9/15/04 Parole Bd. Notice of Decision, Ex. 4.)

Plaintiff contends that the mandatory language of MICH. COMP. LAWS § 791.233(e)(6) creates a liberty interest in parole for prisoners who score as having a high probability of parole.

- 2 -

According to Plaintiff, the parole board failed to provide a "substantial and compelling reason" for departing from the parole guidelines in violation of his due process rights. He further claims that Defendants violated his right to equal protection by granting parole to prisoners who have committed equally or more serious sex crimes. Plaintiff filed an administrative grievance and pursued it through Step III of the grievance process. Plaintiff asserts that he does not seek release from prison; rather, he seeks a declaratory judgment and a new parole hearing.[1]

## II.    Failure to State a Claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that he was denied parole in violation of his due process rights. To sustain such a claim, Plaintiff must first establish that he has a liberty interest in parole that is

---

[1] In *Dotson v. Wilkinson*, 125 S. Ct. 1242, 1248 (2005), the Supreme Court held "that a state prisoner's § 1983 action is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.") (emphasis in original). Plaintiff invokes *Dotson*, claiming that he does not seek an immediate release from prison and that a favorable determination would result only in a new parole hearing. Assuming that Plaintiff's action is cognizable under § 1983, it fails to state a claim as set forth below.

entitled to protection by the Due Process Clause. *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *see Bd. of Pardons v. Allen*, 482 U.S. 369 (1987). Liberty interests may arise from the Constitution itself or from the provisions of state law. *See Hewitt v. Helms*, 459 U.S. 460, 466 (1983). A prisoner has no constitutional or inherent right to be released on parole before the expiration of the prisoner's sentence. *Greenholz v. Inmates of the Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). The state is therefore free to institute parole systems, but it has no duty to do so. *Id.*; *see Rose v. Haskins*, 388 F.2d 91, 93 (6th Cir. 1968). A prisoner has a liberty interest in the possibility of parole if, but only if, state law creates a legitimate expectation of parole release by the use of mandatory language limiting the discretion of the Parole Board. *See Allen*, 482 U.S. at 373-75. In the absence of a state-created liberty interest, the Parole Board can deny release on parole for any reason or no reason at all, and the Due Process Clause has no application. *See Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 236 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan procedural authorities to deny parole," held that Michigan's parole system does not create a liberty interest in parole. Subsequent to its 1994 decision, the Sixth Circuit has recognized the continuing validity of *Sweeton* and has continued to find that Michigan's parole scheme creates no liberty interest in being released on parole. *See Ward v. Stegall*, No. 03-1804, 2004 WL 614581 (6th Cir. Mar. 24, 2004); *Martin v. Ohio Adult Parole Auth.*, No. 03-3642, 2003 WL 22976604, at *1 (6th Cir. Dec. 8, 2003); *Bullock v. McGinnis*, No. 00-1591, 2001 WL 180978, at *2 (6th Cir. Feb. 14, 2001); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *1 (6th Cir. Nov. 1, 2000); *Hawkins v. Abramajtys*, No. 99-1995, 2000 WL 1434695, at *2 (6th Cir. Sept. 19, 2000); *Irvin v. Mich. Parole Bd.*, No. 99-1817, 2000 WL 800029,

at *2 (6th Cir. June 14, 2000); *Clifton v. Gach*, No. 98-2239, 1999 WL 1253069, at *1 (6th Cir. Dec. 17, 1999). The Michigan Supreme Court also has recognized that there is no liberty interest in parole under the Michigan system. *Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999).

Furthermore, the Sixth Circuit has held in unpublished decisions that particular parts of Michigan's statutory parole scheme do not create a liberty interest in parole. *See Fifer v. Mich. Dep't of Corr.*, No. 96-2322, 1997 WL 681518, at *1 (6th Cir. Oct. 30, 1997); *Moran v. McGinnis*, No. 95-1330, 1996 WL 304344, at *2 (6th Cir. June 5, 1996); *Leaphart v. Gach*, No. 95-1639, 1995 WL 734480, at *2 (6th Cir. Dec. 11, 1995); *Vertin v. Gabry*, No. 94-2267, 1995 WL 613692, at *1 (6th Cir. Oct. 18, 1995); *Neff v. Johnson*, No. 92-1818, 1993 WL 11880, at *1 (6th Cir. Jan. 21, 1993); *Janiskee v. Mich. Dep't of Corr.*, No. 91-1103, 1991 WL 76181, at *1 (6th Cir. May 9, 1991); *Haynes v. Hudson*, No. 89-2006, 1990 WL 41025, at *1 (6th Cir. Apr. 10, 1990). In *Carnes v. Engler*, No. 03-1212, 2003 WL 22177118 (6th Cir. Sept. 19, 2003), the plaintiff argued that the Michigan parole scheme created a liberty interest in parole because it places severe restrictions on the board's discretion to grant or deny parole, and because it requires the board to provide "substantial and compelling reasons" for departing from the parole guidelines. The Sixth Circuit rejected the plaintiff's arguments, holding that "the ultimate authority to grant parole still lies with the discretion of the parole board." 2003 WL 22177118, at *1. Because Plaintiff has no liberty interest at stake, he fails to state a claim for a violation of his procedural due process rights.

Plaintiff also asserts a violation of the Equal Protection Clause, which provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. CONST.,

amend. XIV; *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). To prove his equal protection claim, Plaintiff must demonstrate "intentional and arbitrary discrimination" by the state; that is, he must demonstrate that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Plaintiff asserts that "[n]umerous prisoners have equally or more serious sex crimes involving the blatant abuse if authority (e.g., parents repeatedly molesting very young children over a period of years) and receive paroles from the parole board." Plaintiff's equal protection claim is totally unsupported factually. It has long been established that an equal protection claim which is not supported by factual allegations may be dismissed as being only conclusory. *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *Preston v. Hughs*, No. 97-6507, 1999 WL 107970 (6th Cir. Feb. 10, 1999). Moreover, absent specific factual allegations, Plaintiff could not show that he is similarly situated to other sex offenders being considered for parole because no two offenses or offenders are exactly alike. Plaintiff, therefore, fails to state an equal protection claim.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. § 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255

appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>June 1, 2005 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>UNITED STATES DISTRICT JUDGE |