UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| JULIAN MATTHEW GORDON, ) | |
| ) | |
| Plaintiff, ) | Case No. 5:05-cv-77 |
| ) | |
| v. ) | Honorable Richard Alan Enslen |
| ) | |
| MARGIE McNUTT, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**ORDER**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. On June 1, 2005, the Court entered an Opinion and Judgment dismissing Plaintiff's action for failure to state a claim. The Court held that Plaintiff failed to state a due process or equal protection claim arising from the denial of his parole by the Michigan Parole Board. This matter now is before the Court upon Plaintiff's Motion for Reconsideration brought pursuant to Federal Rule of Civil Procedure 59(e).

Motions to alter or amend judgment under Rule 59(e) may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp, Inc. v. Amer. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

In his motion, Plaintiff first claims that the Court failed to specifically address the *ex post facto* claim set forth in his amended complaint. The *ex post facto* clause, U.S. Const. Art. 1, § 10, cl. 1, is aimed at laws that retroactively alter the definition of crimes or increase the punishment for criminal acts. *Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 504 (1995) (internal citations and

quotations omitted). Plaintiff essentially argues that the denial of parole based upon the facts and circumstances of his crime constitutes a violation of the *ex post facto* clause where the trial court did not find any substantial or compelling reason to depart from the sentencing guidelines in imposing Plaintiff's sentence in 1997. (Am. Compl. ¶ 41.) Plaintiff's *ex post facto* claim is patently meritless. Plaintiff has not cited any change in the law that has increased the punishment for his offense. Moreover, the facts and circumstances of Plaintiff's crime are entirely relevant in making a parole determination.

In addition, Plaintiff challenges the Court's dismissal of his equal protection claim. In his Amended Complaint, Plaintiff asserted that "[n]umerous prisoners have equally or more serious sex crimes involving the blatant abuse of authority (*e.g.*, parents repeatedly molesting very young children over a period of years) and receive paroles from the parole board." The Court held that Plaintiff failed to make sufficient factual allegations to sustain an equal protection claim. To substantiate his claim, Plaintiff now seeks to amend his Complaint to provide specific factual allegations about other sex offenders who were granted parole. The Court has no discretion in allowing an amendment to avoid the dismissal of a case under the PLRA. *See McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997); *accord Baxter v. Rose*, 305 F.3d 486 (6th Cir. 2002); *Williams v. Johnson*, No. 02-6049, 2003 WL 264723, at *1 (6th Cir. Feb. 6, 2003). "If a complaint falls within the requirements of § 1915(e)(2) when filed, the district court should *sua sponte* dismiss the complaint. Section 1915A also provides for such *sua sponte* dismissals." *McGore*, 114 F.3d at 612.

Plaintiff also continues to argue that he has a liberty interest in parole. He contends that the liberty interest derives from the mandatory language of MICH. COMP. LAWS § 791.233e(6),

which provides that the parole board may depart from the guidelines by denying parole to a prisoner who scores under the guidelines as having a high probability of parole, but any such departure "shall be for a substantial and compelling reasons stated in writing."  As stated in the Court's previous Opinion, Michigan's parole system does not create a liberty interest in parole.  *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc).  In *Carnes v. Engler*, No. 03-1212, 2003 WL 22177118, *1 (6th Cir. Sept. 19, 2003), the Sixth Circuit specifically rejected the argument that the Michigan parole scheme created a liberty interest in parole because it requires the board to provide substantial and compelling reasons for departing from the parole guidelines because "the ultimate authority to grant parole still lies with the discretion of the parole board."

For the foregoing reasons, the Court finds no error of law or other reason to grant Plaintiff relief from judgment.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration (Dkt. No. 5) is **DENIED**.

DATED in Kalamazoo, MI:   /s/ Richard Alan Enslen
October 5, 2005            RICHARD ALAN ENSLEN
                           SENIOR UNITED STATES DISTRICT JUDGE